# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D. SPOOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-09-1319-M |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined. For the following reasons, the undersigned finds that Petitioner has failed to exhaust his state court remedies as to all claims raised in the petition, and the petition is therefore subject to dismissal as a mixed petition.

Petitioner is challenging his conviction, after a jury trial, of assault and battery with a deadly weapon for which he was sentenced to twenty years imprisonment. District Court of Lincoln County, Case No. CF-2005-247. *See* Petition, p. 1.[1] Petitioner states that he filed a direct appeal raising the five issues presented in Grounds One through Five of the Petition: 1) insufficient evidence to disprove self defense (Ground One); 2) insufficient evidence to

---

[1]Because the pages of the form petition are unnumbered, the page references herein are reached by hand-counting the pages.

prove all elements of the charged offense (Ground Two ); 3) failure to grant a new trial based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Ground Three); 4) denial of due process based on a *Brady* violation (Ground Four); and 5) denial of due process based on erroneous jury instructions (Ground Five).[2] *Id.*, p. 2. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on June 11, 2008. *Id.* On April 13, 2009, Petitioner filed an application for post-conviction relief in the trial court, raising two grounds for relief - an "expanded" *Brady* claim and an ineffective assistance of trial counsel claim, which claims are raised as Grounds Six and Seven herein. *Id.*, p. 3. The state district court denied post-conviction relief on June 2, 2009. *Id.* Petitioner did not appeal this denial because "post-conviction counsel was reserve officer called to active duty prior to filing appeal . . . ." *Id.*, p. 4. Petitioner states that on or about November 27, 2009, he filed a second application for post-conviction relief raising four grounds for relief: "*Brady* claim expanded to include more withheld evidence; ineffective assistance of trial counsel; denial of due process by bad faith failure to collect evidence; ineffective assistance of appellate counsel; cumulative error." Petition, p. 3. These claims appear to be the claims raised in Grounds Six through Ten in the instant habeas action. Petition, pp. 9-14. The undersigned takes judicial notice of the district court docket which reflects that Petitioner's second post-conviction application was actually filed on December 2, 2009. *See* Oklahoma District Court Records, Lincoln County, *State v. Spoor*, Case No. CF-2005-247, available at

---

[2] Petitioner also asserts that he raised a claim of excessive sentence on direct appeal. Petition, p. 2, ¶ 9(f). He does not raise an excessive sentence claim in this action.

http://www.odcr.com (accessed March 24, 2010).  The district court docket also shows that the State filed a response to Petitioner's application for post-conviction relief on December 22, 2009, that the district court entered an order on March 3, 2010, apparently denying post-conviction relief, and that a certificate of appeal was filed on March 24, 2010.  *Id.*  This record is consistent with Petitioner's stated intention to appeal upon a decision by the state district court his second post-conviction application.  Petition, pp. 4, 14.

## **DISCUSSION**

A state prisoner must exhaust state court remedies prior to commencing a federal habeas action.  28 U.S.C. § 2254(b)(1).  State court remedies are exhausted if "a state appellate court has had the opportunity to rule on the same claim presented in federal court" or if, at the time the habeas petition is filed, there is "no available state avenue of redress."  *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.  1992) (citation omitted).  *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").  The exhaustion requirement is satisfied if the issues have been fairly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.  *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).  "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there."  *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir.1997) (internal quotation omitted).  Petitioner bears the burden to show that state court remedies have been exhausted.  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

If some claims in the petition have been exhausted and others have not, the petition is considered mixed. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner's claims in Grounds One through Five were raised on direct appeal, and thus appear to be exhausted. With regard to the claims raised in Grounds Six and Seven, Petitioner acknowledges that he did not raise these claims on direct appeal; rather, he raised these two claims first in his initial application for post-conviction relief although he failed to appeal from the denial of this application. Petition, pp. 3-4, 9-10. It appears that the claims in Grounds Six and Seven were raised again in Petitioner's second application for post-conviction relief together with the claims raised in Grounds Eight, Nine and Ten which were raised for the first time in that second application. Petition, pp. 3-4, 9-14. As previously noted, Petitioner's second application for post-conviction relief is currently pending in state court on appeal to the OCCA. Thus, Petitioner has not exhausted the available state court remedies as to the claims raised in Grounds Six through Ten in this habeas action.

As the Petition contains both exhausted and unexhausted claims, it is a "mixed petition." *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (quotation omitted). As a practical matter, this leaves this Court with the option to either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or . . . deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). A petitioner may also amend the habeas petition to delete the unexhausted claims and proceed only on the exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Additionally, in "limited

circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Moore*, 288 F.3d at 1235 n. 4. However, the abeyance procedure is only required when the petitioner has demonstrated good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. at 278.

Petitioner acknowledges the pendency of his state post-conviction proceeding and admits that he has not exhausted all of his habeas claims. Petition, p. 15. He states that he filed this habeas action "as a prophylactic measure due to short time remaining for AEDPA filing deadline." *Id.*, p. 4. The undersigned finds, however, that Petitioner has neither shown nor even attempted to make the showing of good cause to excuse his failure to exhaust his unexhausted claims as required by *Rhines, supra*. Therefore, the undersigned recommends the Petition be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner amends his Petition to present only the exhausted claims raised on direct appeal. *See Deal v. McKune*, 244 Fed. Appx. 185, 187 (10th Cir. 2007) (noting that the district court has the discretion and is in the best position to determine whether to dismiss a mixed petition without prejudice or to grant a stay and hold the case in abeyance while the petitioner exhausts state court remedies).

As the Supreme Court noted in *Pliler*, the rule requiring dismissal of mixed petitions

can sometimes cause a limitations problem for a petitioner when he returns to federal court after exhausting state remedies. *Pliler*, 542 U.S. at 230 (citing 28 U.S.C. § 2244(d)(1)). Dismissal of this case would raise such an issue with regard to the filing of any future habeas actions because the applicable one-year statute of limitations has now expired.[3] *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). It is, however, not an abuse of discretion to dismiss a habeas petition after the limitations period has expired when the state provides an avenue for post-conviction relief because exhaustion is "an obvious statutory prerequisite" to filing a habeas petition. *See Gunderson v. Hettgar*, No. 99-8052, 1999 WL 1054682, at *1 (10th Cir. Nov. 22, 1999) (unpublished op.)(citing 28 U.S.C.§2254(c)).

Petitioner is further cautioned that if he chooses to file an amended petition to assert only the exhausted claims, he may face significant obstacles in filing any subsequent habeas petition. Most notably, a subsequent habeas petition attacking Petitioner's assault and battery conviction may be characterized as "second and successive" which would require the Tenth

---

[3] As Petitioner noted in his Response [Doc. No. 10] to this Court's show cause order [Doc. No. 8], his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on or about September 9, 2008, 90 days after the June 11, 2008, OCCA order affirming his conviction and sentence, when the time expired for seeking certiorari review of his conviction in the United States Supreme Court. *See* Supreme Court.Rule 13(3). Thus, the one-year limitations period governing the filing of a federal habeas petition challenging Petitioner's conviction began to run on September 10, 2008, and expired on or about September 10, 2009. *See Haws v. Jorgensen,* 219 Fed.Appx.781, 783 (10th Cir. 2007). Petitioner correctly recognizes that the limitations period was properly tolled from April 13, 2009, until July 2, 2009, based on the filing of his first application for post-conviction relief. The deadline for filing his federal habeas petition was therefore extended to approximately November 28, 2009, and the Petition which was signed on November 24, 2009, was timely filed. However, Petitioner's filing of the instant action in federal court has no tolling effect, and thus with respect to any future habeas filings, the limitations period has expired. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Circuit Court of Appeals' pre-authorization to proceed. *See* 28 U.S.C. § 2244(b); *see also Tapia v. Lemaster*, 172 F.3d 1193, 1194-96 (10th Cir. 1999); *Brown v. Shanks*, 185 F.3d 1122, 1125 n. 4 (10th Cir. 1999).

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed upon filing due to Petitioner's failure to exhaust available state court remedies as to all claims, unless within twenty (20) days of any order adopting this Report and Recommendation Petitioner files an amended petition presenting only his claims which have been exhausted.

Petitioner is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court by April 19, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

ENTERED this 30th day of March, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE